J-S50038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BERTRAM WILLIAMS | |
| Appellant | No. 2947 EDA 2014 |

Appeal from the PCRA Order October 1, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0812041-1981

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED SEPTEMBER 08, 2015**

Appellant Bertram Williams appeals from the order of the Philadelphia Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  We affirm.

On April 15, 1980, Appellant shot and killed the victim outside the Good Times Lounge, a bar in South Philadelphia.  The PCRA summarized the facts from trial as follows:

> A short time after the crime, [Appellant] was found with a .38 caliber revolver in his possession and that same revolver was later matched by ballistics examination to the weapon used in the murder of [the victim].  During the course of his trial, [Appellant] introduced evidence into the record that he was working at the time of the shooting as a means to create an alibi.

Opinion, 1/16/2015, at 5-6.

On January 5, 1982, a jury convicted Appellant of first-degree murder[1] and possession of an instrument of crime.[2]  On February 3, 1983, the trial court sentenced Appellant to life imprisonment for first-degree murder and a consecutive term of 2½ to 5 years' imprisonment for possession of an instrument of crime.

Appellant filed a timely notice of appeal.[3]  On January 17, 1986, this Court affirmed Appellant's judgment of sentence.  Appellant did not file a petition for allocator with the Supreme Court of Pennsylvania.

On May 13, 1986, Appellant filed his first post-conviction relief petition.[4]  The court dismissed the petition without appointing counsel.  On January 20, 1988, this Court reversed and remanded for the appointment of counsel.  The court appointed counsel, who filed an amended petition.  On November 15, 1989, the court dismissed the petition.  On June 15, 1990, this Court affirmed and, on December 13, 1990, the Supreme Court denied allocator.

---

[1] 18 Pa.C.S. § 2502.

[2] 18 Pa.C.S. § 907.

[3]  While his appeal was pending, Appellant successfully petitioned the trial court to vacate his sentence until this Court reviewed his claims, but the trial court reinstated his sentence on December 27, 1983.

[4] Appellant filed the petition under the Post Conviction Hearing Act ("PCHA"), the PCRA's predecessor.

On August 24, 1992, Appellant filed a second post-conviction petition.[5] On September 24, 1992, the trial court dismissed the petition. On February 14, 1994, this Court affirmed and the Supreme Court denied allocatur on September 20, 1994.

On June 14, 1996, Appellant filed a third post-conviction petition. On August 7, 1996, the trial court dismissed the petition. On October 20, 1997, this Court affirmed and, on May 27, 1998, the Supreme Court denied allocatur.[6]

On October 21, 2013, Appellant filed the current PCRA petition, his fourth. On May 20, 2014, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On October 1, 2014, the PCRA court dismissed the petition as untimely.

On October 16, 2014, Appellant filed a timely notice of appeal. The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), but did issue a memorandum opinion pursuant to Rule 1925(a).

Appellant raises the following issue on appeal:

---

[5] This petition was filed pursuant to the PCRA, which was enacted in 1988.

[6] Appellant also has filed petition for writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania.

> Whether the PCRA court improperly dismissed the petition seeking PCRA relief when such petition was filed pursuant to [42 Pa.C.S. § 9545(b)(1)(ii)], one of the exceptions to the one[-]year statute of limitations set forth in [42 Pa.C.S. § 9545(b)(1)] and which was filed within 60 days of the claim becoming final?

Appellant's Brief at 4.

Pursuant to Pennsylvania law, no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa.2003)). The PCRA provides that a petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Monaco*, 996 A.2d at 1079; *Commonwealth v. Bretz*, 830 A.2d 1273, 1275 (Pa.Super.2003). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar exist. The exceptions allow for limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); *Monaco*, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves any of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

- 4 -

Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). When invoking an exception to the PCRA time-bar, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

A jury convicted Appellant on January 5, 1982, the trial court sentenced him on February 3, 1983, and this Court affirmed on January 17, 1986. As Appellant conceded, his current petition, filed on October 21, 2013, is facially untimely.

Appellant maintains his petition qualifies for the newly-discovered evidence time-bar exception based on the affidavits from Edward Preston and Robert Hardwick, which are dated September 18, 2013. Mr. Preston's affidavit states he was at his house, which was "down the street from" the Good Times Lounge, at the time of the shooting. He saw a light-skinned man, who was about six-feet tall, run past his house. Mr. Hardwick's affidavit states he was inside the Good Times Lounge at the time of the shooting. When he heard the gunshots, he went to the bar door and saw a

light-skinned man and a couple of women running from the bar, and did not see Appellant.

This Court has explained the newly-discovered evidence exception as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts."

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super.2015) (internal citations omitted).

Appellant maintains a private investigator discovered Mr. Preston and Mr. Hardwick and obtained their statements. Appellant, however, does not explain why he could not have discovered Mr. Preston and Mr. Hardwick at an earlier date, through the use of a private investigator or otherwise. Appellant, therefore, fails to establish he could not have obtained any alleged new facts at an earlier time with the exercise of due diligence.

Appellant relies on *Commonwealth v. Davis*, 86 A.3d 883 (Pa.Super.2014), claiming it holds that his PCRA petition raising a newly-discovered evidence claim is timely because it was filed within 60 days of the date of the affidavits. Appellant's Brief at 8-9. *Davis*, however, found the

appellant acted with reasonable diligence in filing his newly-discovered evidence claim. This Court did not find the appellant's petition timely solely based on the date on the affidavits.

In **Davis**, two witnesses testified at trial that, although arrested in the defendant's case or other cases, they did not have an agreement that they would receive favorable treatment if they testified against the defendant. 86 A.3d at 890. At the PCRA stage, the defendant submitted an affidavit from one witness stating he was promised favorable treatment in exchange for his trial testimony. **Id.** at 888-89. The defendant then procured the sentencing transcripts of both witnesses, which confirmed that the witnesses received favorable treatment in exchange for their testimony against the defendant. **Id.** This Court found the defendant satisfied the newly-discovered evidence rule, reasoning:

> At no point during the testimony of either witness did the Commonwealth interject to clarify that a deal or leniency was offered to either Watson and/or Diggs. Therefore, Appellant had no reason to seek out transcripts of those witnesses' sentencing hearings in unrelated cases to look for evidence of such deals. To conclude otherwise would suggest that Appellant should have assumed the Commonwealth's witnesses were committing perjury, and the Commonwealth was improperly permitting them to do so. Due diligence does not require a defendant to make such unreasonable assumptions. **See** [**Commonwealth v. Selenski**, 994 A.2d 1083, 1089 (Pa.2010)] (defining the due diligence required by the Commonwealth in Pa.R.Crim.P. 600 issues as "fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing that the Commonwealth has put forth a reasonable effort").

> Instead, Appellant's efforts were adequately diligent under the circumstances of this case. After receiving Watson's affidavit indicating that Watson had received lenient treatment by the Commonwealth in exchange for his testimony, Appellant acquired the transcripts of Watson's sentencing proceeding. Appellant also acquired the transcripts of Diggs' sentencing proceeding, evincing that Appellant acted diligently in suspecting that the Commonwealth may have also concealed a deal offered to Diggs. Such efforts by Appellant amounted to due diligence in ascertaining this claim.

*Id.* at 890-91 (emphasis deleted).

Here, unlike in **Davis**, Appellant offers no explanation as to why he could not have obtained information from Mr. Preston and Mr. Hardwick at an earlier date. Accordingly, the trial court acted within its discretion in dismissing Appellant's PCRA petition as untimely. **See Brown**, 111 A.3d 176.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2015